DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiff
DEBRA BELT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BELT, an individual, | ) Case No.  3:14-CV-00435-JSC |
| | ) |
| Plaintiff, | ) **AMENDED COMPLAINT FOR DAMAGES** |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| EASTPOINT RECOVERY GROUP, INC., | ) |
| a New York Corporation, and | ) |
| DOES 1 through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**<u>INTRODUCTION</u>**

1.   The United States Congress has found abundant evidence
of the use of abusive, deceptive, and unfair debt collection
practices by many debt collectors, and has determined that
abusive debt collection practices contribute to the number of
personal bankruptcies, to marital instability, to the loss of
jobs, and to invasions of individual privacy.  Congress wrote

the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3.   DEBRA BELT (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EASTPOINT RECOVERY GROUP, INC. (hereinafter "Defendant

---

[1] 15 U.S.C. 1692(a)-(e)

[2] Cal. Civ. Code 1788.1(a)-(b)

EASTPOINT"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.    For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6.    This action arises out of Defendants' violations of the following:  the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7.    Because Defendants do business within the State of California, personal jurisdiction is established.

8.    Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES

9.    Plaintiff is a natural person who resides in the County of Contra Costa, State of California and is obligated or

allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.   Plaintiff is informed and believes, and thereon alleges, that Defendant EASTPOINT is a company operating from the City of Buffalo, County of Erie, State of New York.

12.   Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

13.   Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code §

1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15.   At all times relevant, Plaintiff was an individual residing within the State of California.

16.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

17.   Sometime before September 3, 2013, Plaintiff allegedly incurred financial obligations on a credit card that were money, property, or their equivalent, which is due and owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18.   These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19.   Defendant's employee "Dana" called Plaintiff from 716-748-7156 on September 3, 2013 and said creditor wrote off the debt and sold it to Defendant EASTPOINT.  The telephone call was then transferred to a man, who in a sarcastic tone said:

"if you can't pay your debts, how can you afford a $300,000 mortgage?"

"if you can't pay your debts how can you afford a $700.00 car payment"?

"Are you going to file for bankruptcy again?"

"If you don't pay today, we are going to put a lien on your house."

20.   Plaintiff is elderly and has cirrhosis of the liver and is diabetic.  She was so upset after she received this telephone call, she cried.

21.   This telephone call to Plaintiff was a "communication" as that term is defined by 15 U.S.C. §1692a(2), a "debt collection" as that term is defined by California Civil Code §1788.2(b).  As such, this action by Defendant EASTPOINT violated 15 U.S.C. §§1692d and 1692e.  Because Defendant EASTPOINT'S actions violated 15 U.S.C. §§1692d and 1692e, Defendant EASTPOINT also violated California Civil Code §1788.17.

///

///

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

22.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692d, e, e(2), e(5), e(10), and f.

24.   As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

**SECOND CAUSE OF ACTION**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

25.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

26.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt

Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

27.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

28.   Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly contacting her on this debt, and thereby invading Plaintiff's right to privacy and to be let alone.

29.   Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

30.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

31.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by these Defendants which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

32.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

33.   Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### THIRD CAUSE OF ACTION

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA)**

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA, including but not limited to California Civil Code §1788.14(b) &

1788.17 by violating 1692b(2)(3), 1692d, 1692e, e(2), and 1692f, f(1).

36.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

37.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.  Defendants' outrageous, abusive, and intrusive acts as described herein constituted negligent infliction of emotional distress.

39.  Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a Defendant who should have foreseen that the conduct would cause such distress.

40.  Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

41.   Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

42.   Defendants owed a duty to refrain from outrageous and unlawful calls in connection with their attempts to collect a debt.

43.   Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of her rights.

44.   Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

45.   Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## FIFTH CAUSE OF ACTION

### NEGLIGENT TRAINING AND SUPERVISION

46.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.   Defendant negligently trained and supervised their employees and agents as to the performance of their job duties

and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

48.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

49.   Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.  Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

<u>**FIRST CAUSE OF ACTION**</u>

**FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## THIRD CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

### SECOND, FOURTH & FIFTH CAUSES OF ACTION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy in an amount to be determined as trial and for Plaintiffs,

- punitive damages, and

- for such other and further relief as may be just and proper.

///

///

1

## **TRIAL BY JURY**

        Pursuant to the seventh amendment to the Constitution of
the United States of America, Plaintiff is entitled to, and
demands, a trial by jury.

DATED: March 6, 2014              Respectfully submitted,

                                  DELTA LAW GROUP

                                      /s/ Jim G. Price

                                  BY:_____
                                      JIM G. PRICE
                                      Attorneys for Plaintiff
                                      DEBRA BELT